UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PHILLIP MARTIN | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CAUSE NO.: 3:06-CV-772-TS |
| | ) |
| WILLIAM WILSON, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Phillip Martin, a *pro se* prisoner, filed this habeas corpus petition challenging the loss of good time sanction imposed by the Disciplinary Hearing Board ("DHB") at the Westville Correctional Facility on August 31, 2006 . The respondent filed a response on February 28, 2007. On April 26, 2007, the petitioner filed his traverse.

On August 25, 2006, Sergeant T. Reed wrote the following conduct report:

> On the above date I Sgt. Reed walked onto 5WB for rounds. When I went to the back restroom (by 5WA) I smelled smoke (cigarette). This offender and another came out in a hurry. I called them both back and conducted a strip search of both of them. This offender was found with a bag of tobacco under his testicles.

(Respondent's Resp., Exh. A). The DHB found the petitioner guilty of possession of "more than one (1) cigarette, any tobacco, tobacco associated products or unauthorized tobacco substitute products." (Respondent's Resp., Exh. G).

The petitioner contends that the evidence was insufficient to find him guilty because the DHB did not have evidence that the person who actually committed the offense was the person who was charged with the offense. He relies on a witness statement from Mr. Holbrook, in which Mr. Holbrook asserted that he was the individual found with the tobacco and that he mistakenly gave the guard the petitioner's identification instead of his own.

When a court reviews a challenge asserting the sufficiency of the evidence, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 457. Therefore, "once the court has found the evidence reliable, its inquiry ends—it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

In the report of the disciplinary hearing, the DHB stated that it relied on staff reports, the statement from the offender, and the physical evidence to find the petitioner guilty. (Respondent's Resp., Exh. G). In its written reasons for its decision, the DHB also indicated that Mr. Holbrook stated that he took the petitioner's identification, but that the conduct report supported the violation. (*Id.*). Here, the conduct report and the physical evidence, the tobacco,

2

are some evidence to support the DHB's guilty finding. While Mr. Holbrook's statement may contradict this finding, in accordance with *Viens*, the court may not look to see if other evidence in the record suggests an opposite conclusion. When weighing the evidence, the DHB did not believe Mr. Holbrook's testimony, but found the conduct report more credible. It is not the court's duty to re-weigh the evidence or assess the credibility of Mr. Holbrook's statement. As a result, because there is some evidence to support the finding of guilty, there was no due process violation.

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

SO ORDERED on May 15, 2007.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION